## LAKENS and others *vs.* FIELDEN and others.

Where the defendants in a suit resided in England, and the solicitor of the complainant consented that the solicitor of the defendants might enter an order for a commission to take their answer, and that they might have two months to take such answer and return the commission, and the solicitor of the complainant, omitted to enter an order to answer, and to serve a copy of such order and of the bill, on the solicitor of the defendants, until after the expiration of the two months; *Held*, that as the time for answering had not, in fact, been extended, the defendants were not restricted to an answer, but were at liberty either to plead, answer, or demur, within the forty days allowed by the rule of this court for that purpose.

Where the order for a commission, to take the answer of a non-resident defendant, is for the common dedimus, to take the answer of the defendant, and not for a special dedimus, authorizing the commissioners to take his plea, answer, or demurrer, it is irregular for the commissioners to take and return the demurrer of the defendant, instead of his answer.

Where a defendant obtains an order for further time to answer the complainant's bill, he cannot demur, unless authorized by the court to do so.

THIS was an appeal, from an order of the vice chancellor of the first circuit, directing the demurrer to the complainants' bill to be taken from the files of the court, and that the defendants put in an answer; and that their proceedings in a suit at law, against the complainants, be stayed until after answer. Some of the defendants resided in England, and being proceeded against as absentees, their solicitor applied to the solicitor of the complainants to consent to the entry of an order for a commission to take the answers of those defendants, and that they should have two months to take such answers and return the commission. The solicitor of the complainants gave his consent to the entry of such an order, upon condition that the appearance of the absent defendants should be immediately entered. An order by consent was entered accordingly, on the 24th of September, 1844; and the appearance of the absent defendants was entered at the same time. No order to answer having been entered, the complainants' solicitor, on the 18th of December, entered the usual order that the defendants answer the bill within forty days, and served a copy of the bill, and notice of the order to answer, upon the solicitor for the defendants, who thereupon put in a

demurrer to the bill. In October, 1844, the vice chancellor dissolved the injunction which had been issued, restraining the defendants from proceeding in a suit at law against the complainants; with liberty to apply for a new injunction, upon the coming in of the answer of the defendants. And upon an appeal from the decision of the vice chancellor, the order to dissolve the injunction was affirmed. Upon these facts, the complainants applied for an order to take the demurrer off the files, and that the defendants put in their answer, and that the injunction be revived &c., which application was granted accordingly.

*J. Rhoades*, for the appellants.

*W. W. Van Wagenen*, for the respondents.

THE CHANCELLOR. I infer, from the papers before me upon this appeal, that the order for a commission, in this case, was for the common *dedimus* to take the answers of the defendants; and not for a special *dedimus*, authorizing the commissioners to take their plea, answer, or demurrer. If so, I think it would have been irregular for the commissioners to have returned the demurrer of those defendants, instead of their answer. Such was the opinion of Lord Langdale in the recent case of *Tomlinson* v. *Swinnerton*, (1 *Keen's Rep.* 9,) where, upon a common *dedimus*, the commissioners had returned an answer to one part of the bill and a demurrer to another part. Chief Baron Gilbert says, if the defendant takes out a commission to answer he cannot return a plea or demurrer; because the commission is to answer and contest the cause, which does not give the commissioners authority to receive any exception in relation to such contest. But the defendant may move the court for a commission to plead, answer, or demur, and the court will grant it, with the restriction not to demur alone. And then the commissioners may receive a plea, or an answer and demurrer, because they have authority from the court to do so; but if they send up a demurrer alone, the court will grant an attachment

against the defendant. (*Gilb. For. Rom.* 93. *See also* 2 *Dan. Ch. Pr.* 281.)

In the present case, however, it does not appear that the demurrer was returned upon the commission, or indeed that the common *dedimus* was ever taken out. And I presume the demurrer was put in by the counsel and solicitor for the defendants here ; as a simple demurrer did not require to be verified by oath. Had the ordinary order to answer been served in this case, however, with a copy of the bill, at the time the order for the commission was entered, which order allowed two months for the return of the commission, it would have come within the decision of this court in *Burrall* v. *Raineteaux*, (2. *Paige's Rep.* 331,) that the defendant who has obtained further time to answer the complainants' bill, cannot be permitted to demur, unless authorized by the court to do so. Here, however, no order to answer had been entered at the time the order for the commission was obtained. And the time for answering was not in fact extended by the last mentioned order ; as the bill itself was not served upon the defendants' solicitor until after the expiration of the two months specified in that order. When the complainants served the copy of the bill, and notice of an order to answer, in December, 1844, the defendants were authorized to plead, answer or demur, within the forty days allowed by the rule of this court for that purpose, in the same manner as if the order for a commission had not been entered.

The defendants, therefore, had the right to have the opinion of the court upon the question whether the demurrer was well taken. The order appealed from must be reversed, and the motion denied. And the costs of the appellants upon this appeal, as well as their costs of opposing the motion before the vice chancellor, are to abide the event of the suit.

Order accordingly.(*a*)

(*a*) Affirmed, on appeal to the court for the correction of errors, in August, 1846.